GEORGE WASHINGTON, (negro,) plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

1. When a defendant is indicted for having or carrying concealed weapons at a particular time and place, it is not competent for him to introduce evidence upon the trial to prove that it was his general habit to carry his weapon about his person openly exposed to view.

2. When the Court charged the jury on the trial of a defendant for having and carrying about his person a concealed pistol, "that if the prisoner *had a pistol,* and it was in Dr. Paris' during the morning he was guilty, and they must so find him " : *Held,* that this charge of the Court was error.

*Certiorari* from County-Court.   Decided by Judge VASON. Dougherty Superior Court, January Adjourned Term, 1867.

The indictment charged George Washington with carrying on his person a pistol, in said county, on the 3d June, 1866, not in an open manner and fully exposed to view.

The State introduced and examined Dr. PARIS, who stated

Washington *vs.* The State of Georgia.

that on said day, learning that defendant was engaged in a quarrel, in the dining-room of Paris' Hotel, he went there and asked defendant if he had a pistol; that defendant said "he had; that he always toted them things." That he then went up to defendant and lifted up defendant's coat, and saw the pistol in a belt, or pocket fastened in a belt, buckled round defendant's body—the pistol was immediately behind the hip—that defendant had on a loose summer coat, not buttoned; that witness did not think the pistol could have been seen without lifting up the coat; did not look to see if it could be seen from the outside through the coat; the pistol was a small pocket pistol; that the belt in which the pistol was fastened could be seen, but only when it was open and fully exposed to view could the pistol be seen.

The State closed.

JOHNNY MAJOR, sworn for the defendant, testified that on said day, before defendant went to the hotel for Mr. Pulaski's dinner, witness saw him in Pulaski's store, and that defendant at that time had his pistol on his person fully exposed to view; that he saw defendant at the store about an hour before dinner, and saw the pistol buckled round him, and defendant at that time had on a coat; also late in the evening of same day defendant had the pistol openly and fully exposed to view in a belt, on the front side of his hip, where any one who looked at him could see it.

H. MORGAN, introduced by the defendant, testified that the defendant was in his employment, and "had been instructed and authorized by him to wear a pistol, but was instructed to wear it openly." This he did because persons were robbing his garden, and he instructed defendant to guard it, etc.

Defendant proposed to prove by SAMUEL POLFUS and others, "that he always had, and did on the day charged, carry his pistol openly and fully exposed to view, and that if it was at any time concealed, it was not intentional." Upon objection taken, this evidence was rejected by the Court.

The record recites that the Court "charged the jury in substance, that if the prisoner had a pistol and it was in Dr.

Paris' during the morning he was guilty and they must so find him."

Defendant was found guilty, and sentenced to pay a fine of fifty dollars and costs, or in default thereof, to be imprisoned in the common jail for six months.

The case came before Judge VASON on *certiorari*, which assigned as error the rejection of the evidence aforesaid and said charge of the Court. The judgment below was affirmed and a new trial refused, and for this plaintiff in error assigns error in the bill of exceptions.

H. MORGAN, for plaintiff in error.

N. A. SMITH, for the State.

WARNER, C. J.

1. There are two grounds of error assigned to the judgment of the Court below in this case. First, that the County-Court, before which the defendant was tried, for having and carrying about his person a pistol concealed, in violation of the 4413th section of the Code, committed error in ruling out the evidence of Samuel Polfus and others, "that the defendant always had, and did on the day charged, carry his pistol openly and fully exposed to view, and that if it was concealed at any time, it was not intentional." The offence consists in *having* or carrying about the person a *concealed* weapon. Did the defendant *have* the pistol upon his person *concealed* at the time charged ? The evidence shows that the defendant had a quarrel in Dr. Paris' dining-room at the time he is charged with *having the pistol concealed*, and the question was, whether it was concealed upon his person at *that time*, within the true intent and meaning of the statute, not whether he was in the *habit* of carrying it openly exposed to view at other times. Was the pistol *intentionally* concealed upon his person at the time charged ? This question must be answered by the facts proved at that time, by the witnesses who saw them, and not by the general habits of the defendant in carrying his pistol at other times. There was no error in the rejection of the testimony offered.

Washington *vs.* The State of Georgia.

2. The second ground of error is to the charge of the Court to the jury. The record states, "that the Court charged the jury in substance, that if the prisoner had a pistol and it was in Dr. Paris' during the morning, he was guilty, and they must so find him." This charge of the Court was error. The offence, under the Code, does not consist in *having a pistol* in Dr. Paris' room or house during the morning, but the offence consists in having a pistol (except horseman's pistols), about his person there not fully exposed to view—that is to say, having a pistol *concealed* about his person. The jury were instructed by the Court, that if the defendant *had a pistol* in Dr. Paris' during the morning he was guilty, and they must so find him, without calling their attention to the fact that, to constitute the offence, the pistol must have been *concealed* about his person. The fact that the defendant had a pistol in Dr. Paris' house during the morning, was not an offence under the Code for which the jury could or ought to have found the defendant guilty. The Court should have charged the jury, that, if they believed from the evidence, that the defendant had the pistol *concealed* about his person in Dr. Paris' house during the morning, and not in an open manner and fully exposed to view, then they might find him guilty. The having or carrying the pistol about the person of the defendant *concealed*, constitutes the offence under the Code. Let the judgment of the Court below be reversed.