## OLIVER *v.* THE STATE.

On the trial of a defendant for carrying concealed weapons, when the State relies for a conviction upon positive proof that the accused had a pistol concealed at a certain time and place, testimony that his habit on previous occasions was not to carry his pistol concealed upon his person is not admissible. The verdict was not contrary to evidence.

Submitted November 21, — Decided December 14, 1898.

Indictment for carrying concealed weapon. Before Judge Ross. City court of Macon. October 19, 1898.

*Nottingham & Polhill,* for plaintiff in error.
*Robert Hodges, solicitor-general,* and *John R. Cooper,* contra.

LEWIS, J. J. W. Oliver was indicted by the grand jury of Bibb county, for carrying about his person not in an open man-

ner and fully exposed to view a pistol. The testimony relied.
upon by the State for a conviction was, briefly and substantially,.
as follows: The defendant while riding in his buggy on a pub--
lic highway ran into a buggy occupied by the prosecutor and'
his wife. A quarrel ensued as the result of this accident. The ·
defendant got out of his buggy, cursed and abused the prose-
cutor, pulled off his coat, and from a pocket, where it was con-
cealed on his person, drew his pistol and pointed it at the pros-
ecutor. This happened in Bibb county on January 22, 1898.
This testimony of the prosecutor was corroborated by his wife
and by another witness who saw the difficulty. The defend--
ant was convicted, and to the judgment of the court overruling
his motion for a new trial he excepts. Besides the general
grounds in the motion, error is alleged on the refusal of the·
court to postpone or continue the case on account of the absence·
of a witness by whom defendant expected to prove that on many·
occasions just prior to the time when the crime charged against.
him is alleged to have been committed, he rode in the buggy
with defendant from defendant's home to town in the after--
noons, and back from town to defendant's home in the morn-
ings, and that it was the defendant's invariable custom on:
said occasions, when witness was with him, to carry his pistol
on his buggy-seat by his side, and only in that way. Error
is further assigned on the ruling of the court in excluding the
testimony of a witness who was present, and by whom the de-
fendant proposed to prove that it was the habitual custom of ·
defendant, for some weeks prior to the time charged in the in-
dictment, to carry his pistol on the seat of his buggy by his
side. Neither of these witnesses was present at the time of the
difficulty.

We think the court properly excluded this testimony; for ·
the same was entirely immaterial, and could have thrown no
light whatever upon the issue involved. It is true that under
some circumstances the habit or custom of a person may be
given in evidence in his favor, whenever such habit might ex-
plain a bare circumstance which would otherwise tend to es-
tablish a link in the chain of evidence against him. Hence it
was ruled in the case of *White* v. *State*, 100 *Ga.* 659, that where

it became a material inquiry as to whether a person slain had fired his pistol in the progress of a rencounter which resulted in his death, it was competent to show that the deceased was accustomed to carry the hammer of his pistol on an empty cartridge. In that case it would seem that the defendant relied on the fact that, the pistol of the deceased being found with the hammer on an empty cartridge, this was a circumstance tending to show the deceased had fired his pistol before he was shot. As an explanation of this bare circumstance, the State was allowed to show the habit of deceased in carrying his pistol with the hammer upon an empty cartridge. Justice Atkinson, in delivering the opinion of the court, on page 669, says: "It would seem to be slight of itself, and entitled to little weight, but it is nevertheless competent, and may be properly considered by the jury in connection with all the other testimony which bore upon the question as to whether the deceased had in fact discharged his pistol during the progress of the rencounter." The question presented by the record in this case, however, is entirely different. The defendant seeks to overcome positive proof of his guilt at a particular time and place by showing that on other occasions, and under other circumstances, he did not carry his pistol concealed. He was not indicted for habitually carrying a concealed weapon, and it is to be presumed that, even when proved guilty of violating the statute on a particular occasion, such conduct would constitute an exception in his life, and would not tend to establish a habit. Besides, the testimony offered would only have gone to the extent of showing how the defendant usually carried his pistol while riding in his buggy with another party. It was not under these circumstances that the State claims to have found him with a concealed weapon, but it was after he had left his buggy, and was upon the ground for the purpose of having a personal difficulty with the prosecutor. It was, therefore, entirely consistent with his alleged habit for him to have taken the pistol from the seat before leaving the buggy and placed it in his pocket. The evidence rejected by the court, therefore, not only could have thrown no light upon the guilt or innocence of the defendant, but

could not properly have been considered, even had it been admitted, as tending to impeach the State's witnesses, or in the remotest degree impairing their credit. A case more directly in point than that relied upon by plaintiff in error in the 100 *Ga.*, above referred to, is that of *Washington* v. *State*, 36 *Ga.* 242, where it was decided that " When a defendant is indicted for having or carrying concealed weapons at a particular time and place, it is not competent for him to introduce evidence upon the trial to prove that it was his general habit to carry his weapon about his person openly exposed to view." Warner, C. J., delivering the opinion in that case, says: " Was the pistol intentionally carried concealed upon his person at the time charged? This question must be answered by the facts proved at that time, by the witnesses who saw them, and not by the general habits of the defendant in carrying his pistol at other times."

The brief recital of facts above given shows that the verdict was not contrary to evidence, and that there is no merit whatever in the general grounds of the motion for a new trial.

*Judgment affirmed. All the Justices concurring.*